IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. LOISEAU,

    Petitioner,

v.                                         Civil Action No. 3:17CV177

HAROLD E. CLARKE,

    Respondent.

MEMORANDUM OPINION

Michael A. Loiseau, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging the manner in which the Virginia Department of Corrections ("VDOC") is executing his sentence. Respondent has moved to dismiss. For the reasons set forth below, the Motion to Dismiss (ECF No. 9) will be granted.

I.    PROCEDURAL HISTORY

On March 4, 2010, the Circuit Court for the County of Spotsylvania ("Circuit Court") convicted Loiseau of running a continuing criminal enterprise and sentenced him to an active prison term of twenty (20) years. (Brown Aff. ¶ 4, ECF No. 10-1.) "On May 5, 2010, Loiseau became a state responsible offender . . . ." (Id. ¶ 5.) "On September 8, 2015, the VDOC Correspondence Unit sent Loiseau a letter in response to a

written inquiry regarding his time computation and projected release date." (Id. ¶ 9.)

Thereafter, Loiseau filed a petition for a writ of habeas corpus with the Circuit Court. In that petition, Loiseau alleged that the VDOC had "not appropriately awarded him good conduct allowance credit to be applied towards his active sentence in accordance with Virginia law." (ECF No. 10-2, ¶ 1.) The Circuit Court found that Loiseau had "been appropriately credited with sentence reducing credit due to him for the time he has spent within the custody of VDOC." (Id. ¶ 2.) Loiseau appealed. The Supreme Court of Virginia refused his petition for appeal. Loiseau v. Clarke, No. 160845, at 1 (Va. Jan. 3, 2017).

On February 27, 2017, the Court received Loiseau's § 2254 Petition.

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed

2

to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### III. ANALYSIS

A. December 2, 2008 through May 5, 2010

"Loiseau was continuously confined in the Rappahannock Regional Jail from December 2, 2008 through May 5, 2010 (519 days) for pre-trial and post-trial confinement." (Brown Aff. ¶ 6.) During this period, "Loiseau earned sentence credit at the . . . rate of 2.25 days credit for every 30 days

3

served. Loiseau also received credit toward his sentence for the 519 days he spent in pre-trial and post-trial confinement at the Rappahannock Regional Jail." (Id.) Accordingly, for this period, Loiseau earned a total of 558 days of credit toward his twenty-year sentence.

B. **May 5, 2010 to January 30, 2014**

"When Loiseau became a state responsible offender on May 5, 2010, he . . . began earning sentence credit as a VDOC offender under the Earned Sentence Credit (ESC) system." (Id. ¶ 7.) In Class Level I of the ESC system, VDOC offenders earn the maximum of 4.5 days of ESC for every 30 days served. (Id.) On May 5, 2010, Loiseau was assigned ESC Level I. (Id.) "Loiseau continued earning sentence credit in ESC Class Level I until January 30, 2014 when he was assigned to ESC Class Level II," because he was convicted of two institutional charges. (Id. ¶ 8.)

C. **January 30, 2014 Until Present**

In ESC Class Level II, Loiseau earned only 3 days of ESC for every 30 days served. (Id.) Loiseau remained in ESC Level II from January 30, 2014 until May 10, 2015. (Id.) On May 10, 2015, Loiseau was returned to ESC Class Level I, where he remained at least until the filing of the Motion to Dismiss. (Id.) Contemporaneously with the filing of the Motion to Dismiss, the VDOC printed a Legal Update which reflects a "Good

4

Time Release" as of May 18, 2026 for Loiseau if he continues to earn ESCs at ESC Level I for the remainder of his sentence. (ECF No. 10-1, at 6 (as paginated by CM/ECF).)

D. Loiseau's Claim

As he claimed in his petition for appeal to the Supreme Court of Virginia, Loiseau asserts:[1]

> Petitioner would show that 20 years from December 1, 2008 is December 1, 2028. [1] With the jail good time credit of 230 days which came to April 15, 2028. (If 365 days is one (1) year 365 days time[s] 20 years is 7300 days.) With 4.5 days of out of every thirty (30) days served is 3 years and 4 months earned sentencing credit from 20 years sentence.) So from April 15, 2028 out of 3 years and 4 months would put petitioner good time release date at January 15, 2025. . . .

(ECF No. 1-2, at 9.) While Loiseau's claim is difficult to decipher, it is plainly wrong in several respects and he fails to demonstrate any error in the calculation of his sentence.

First, contrary to Loiseau's assertion, he did not earn 230 days of good time credit for the 519 days he spent in the Rappahannock Regional Jail prior to becoming a state responsible offender. For that period of time, Loiseau earned 2.25 days of good time credit for every 30 days served, totaling approximately 39 days of good time credit.

Second, Loiseau contends that he earns the maximum rate of 4.5 days of ESCs for every 30 days for the entire portion of his

---

[1] Petition for Appeal 4, Loiseau v. Clarke, No. 160845 (Va. filed May 27, 2016).

5

sentence after he became a state responsible offender. That is simply incorrect:

> ESCs accrue at various rates depending upon a prisoner's classification. Level I inmates earn the highest possible ESCs: 4.5 days for every 30 days served. Level II inmates earn 3 days for every 30 days served. Level III inmates earn 1.5 ESCs for every 30 days served. Level IV inmates do not earn ESCs.

Puranda v. Johnson, No. 3:08CV687, 2009 WL 3175629, at *1 (E.D. Va. Sept. 30, 2009). Loiseau does not enjoy a protected liberty interest in earning the maximum amount of ESCs per 30 days. Id. at *5. Furthermore, the record here reflects that for the period between January 30, 2014 and May 10, 2015, Loiseau was assigned to ESC Level II and earned only 3 days of ESC for every 30 days served.

Finally, Loiseau's projection of the total amount of ESCs he should earn is calculated from the total length of his sentence rather than the time actual served. Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 532 (4th Cir. 2005) (observing that "awarding credit for time not served would conflict with the fundamental design of the statute, which is to award credit . . . on account of the prisoner's good behavior" (citing White v. Scibana, 390 F.3d 997, 1001 (7th Cir. 2004))).

Loiseau has failed to demonstrate any error in the VDOC's execution of his sentence. Thus, the Supreme Court of Virginia

acted reasonably in rejecting his claim. See 28 U.S.C. § 2254(d)(1)-(2). Loiseau's claim will be dismissed.

The Motion to Dismiss (ECF No. 9) will be granted. The § 2254 Petition will be denied and the action will be dismissed. A certificate of appealability will be denied.

It is so ordered.

                                                    /s/ REP
                                          Robert E. Payne
Date: October 25, 2017        Senior United States District Judge
Richmond, Virginia